**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

SCOTT BENNETT and BRAD WILDE,
individually and as representatives of a
class of similarly situated persons,

       Plaintiffs,

     v.

ECOLAB, INC., THE PLAN
ADMINISTRATOR OF THE ECOLAB
PENSION PLAN, and THE ECOLAB
PENSION PLAN,

       Defendants.

Case No. 0:24-CV-00546-JMB-SGE

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
<u>MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................. 1

II.   PROCEDURAL BACKGROUND .................................................... 2

III.  LEGAL STANDARD ......................................................................... 3

IV.   ARGUMENT ...................................................................................... 4

    A.    Because Plaintiffs Lack Article III Standing, They Cannot Use Rule 15 To Amend Their Complaint To Add A New Plaintiff Who May Or May Not Have Standing In His Own Right. ................................... 4

    B.    Plaintiffs' Motion For Leave To Amend Should Be Denied Because Mr. Statton's Proposed Claims Are Futile. ................................... 6

        1.    Mr. Statton's Section 1055 Claim Fails Because He Chose A 100% Joint and Survivor Annuity. ..................................... 7

        2.    Mr. Statton's Claims Are Futile Because They Are Time-Barred. ..................................................................................... 7

            a.    Mr. Statton's Proposed Statutory Claims In Counts I-III Are Untimely. ................................................. 7

            b.    Mr. Statton's Proposed Breach Of Fiduciary Duty Claim In Count IV Is Time-Barred By ERISA's Six Year Statute Of Repose. ............................................. 9

    C.    Allowing Plaintiffs To Again Amend The Complaint Would Prejudice Defendants And Cause Further Delay ........................................ 12

V.    CONCLUSION ................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adamson v. Armco, Inc.*,
44 F.3d 650 (8th Cir. 1995) ...................................................................................... 8

*Aetna Casualty & Surety Co. v. Hillman*,
796 F.2d 770 (5th Cir. 1986) ................................................................................... 6

*In re Am. Hous. Found.*,
543 B.R. 245 (Bankr. N.D. Tex. 2015)................................................................... 11

*Ash v. Anderson Merchandisers, LLC*,
799 F.3d 957 (8th Cir. 2015) ................................................................................... 3

*Bd. of Ed. for Gallup-McKinley Cnty. Schs. v. Henderson*,
2015 WL 13540672 (D.N.M. Dec. 16, 2015)........................................................ 5, 6

*Bediako v. Stein Mart, Inc.*,
354 F.3d 835 (8th Cir. 2004) ................................................................................. 12

*Bell v. Allstate Life Ins.*,
160 F.3d 452 (8th Cir. 1998) ................................................................................. 12

*Bond v. Brown*,
2024 WL 531496 (D. Or. Feb. 9, 2024).................................................................. 13

*Cal. Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*,
582 U.S. 497 (2017).............................................................................................. 10

*China Agritech v. Michael H. Resh*,
584 U.S. 732 (2018)................................................................................... 10, 11, 12

*DeRoche v. All Am. Bottling Corp.*,
38 F. Supp. 2d 1102 (D. Minn. 1998)...................................................................... 7

*Dittmer Props., L.P. v. FDIC*,
708 F.3d 1011 (8th Cir. 2013) ................................................................................. 3

*Doe v. Cassel*,
403 F.3d 986 (8th Cir. 2005) ................................................................................... 4

*Enervations, Inc. v. Minnesota Mining & Mfg. Co.*,
   380 F.3d 1066 (8th Cir. 2004) ............................................................................... 3

*Fed. Recovery Servs., Inc. v. United States*,
   72 F.3d 447 (5th Cir. 1995) .................................................................................. 6

*Foman v. Davis*,
   371 U.S. 178 (1962) ............................................................................................ 4

*Fox v. Bd. of Trustees of State Univ. of N.Y.*,
   42 F.3d 135 (2d Cir. 1994) ................................................................................... 6

*Gabelli v. SEC*,
   568 U.S. 442 (2013) ....................................................................................... 8, 9

*Graham County Soil & Water Conservation Dist. v. United States*,
   545 U.S. 409 (2005) ............................................................................................ 8

*Green v. Brennan*,
   578 U.S. 547 (2016) ............................................................................................ 8

*Korman v. Consol. Edison Co. of N.Y.*,
   915 F. Supp. 2d 359 (E.D.N.Y. 2013) .................................................................. 3

*Kost v. Hunt*,
   983 F. Supp. 2d 1121 (D. Minn. Nov. 15, 2013) .................................................. 9

*In re Lehman Bros. Sec. & Erisa Litig.*,
   800 F. Supp. 2d 477 (S.D.N.Y. 2011) ................................................................ 10

*In re Longtop Fin. Techs. Ltd. Secs. Litig.*,
   939 F. Supp. 2d 360 (S.D.N.Y. 2013) ................................................................ 11

*Mausolf v. Babbit*,
   85 F.3d 1295 (8th Cir. 1996) ............................................................................... 5

*Miguel v. Country Funding Corp.*,
   309 F.3d 1161 (9th Cir. 2002), *abrogated on other grounds by Hoang v.*
   *Bank of Am., N.A.*, 910 F.3d 1096 (9th Cir. 2018) ................................................ 5

*Mills v. Des Arc Convalescent Home*,
   872 F.2d 823 (8th Cir. 1989) ............................................................................. 12

*In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*,
   23 F. Supp. 3d 203 (S.D.N.Y. 2014) .................................................................. 10

*Morrison v. MoneyGram Int'l, Inc.*,
607 F. Supp. 2d 1033 (D. Minn. 2009)..............................................................3

*Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*,
406 F.3d 1052 (8th Cir. 2005) ........................................................................13

*Munro v. Lucy Activewear, Inc.*,
899 F.3d 585 (8th Cir. 2018) ............................................................................6

*Perkins v. Spivey*,
911 F.2d 22 (8th Cir. 1990) ............................................................................12

*Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*,
721 F.3d 95 (2d Cir. 2013)...............................................................5, 10, 11

*Popoalii v. Corr. Med. Servs.*,
512 F.3d 488 (8th Cir. 2008) .......................................................................1, 12

*Potocnik v. Carlson*,
9 F. Supp. 3d 981 (D. Minn. 2014)...................................................................9

*Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assur. Co.*,
700 F.2d 889 (2d Cir. 1983)..............................................................................5

*Rassier v. Sanner*,
996 F.3d 832 (8th Cir. 2021) ............................................................................8

*Rock Island Millwork Co. v. Hedges-Gough Lumber Co.*,
337 F.2d 24 (8th Cir. 1964) ..............................................................................5

*Se. Penn. Transp. Auth. v. Orrstown Fin. Servs.*,
12 F.4th 337 (3d Cir. 2021) ............................................................................10

*Sherman v. Winco Fireworks, Inc.*,
532 F.3d 709 (8th Cir. 2008) ............................................................................3

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)...........................................................................................4

*Summit Office Park, Inc. v. United States Steel Corp.*,
639 F.2d 1278 (5th Cir. 1981) ..........................................................................6

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)...........................................................................................4

*Wendland v. Erickson Oil Prods., Inc.*,
  1992 WL 695897 (D. Minn. Oct. 2, 1992) ................................................................. 8

*Williams v. Little Rock Mun. Water Works*,
  21 F.3d 218 (8th Cir. 1994) ..................................................................................... 12

**Statutes**

28 U.S.C. § 2072 ........................................................................................................... 11

29 U.S.C. § 1053 ............................................................................................................. 7

29 U.S.C. § 1054 ............................................................................................................. 7

29 U.S.C. § 1055 ........................................................................................................ 5, 7

29 U.S.C. § 1113 ............................................................................................................. 9

Minn. Statute § 541.07(5) ............................................................................................... 8

Minn. Statute § 541.05(1) ............................................................................................... 8

**Other Authorities**

Fed. R. Civ. P. 3 ............................................................................................................. 11

Fed. R. Civ. P. 12 ..................................................................................................... 1, 3, 7

Fed. R. Civ. P. 15 .................................................................................................. *passim*

Fed. R. Civ. P. 23 ..................................................................................................... 10, 11

Fed. R. Civ. P. 24 ........................................................................................................... 11

## I.    INTRODUCTION

Plaintiffs' motion to add David Statton as a new plaintiff via the proposed Second Amended Complaint ("SAC") should be denied for three reasons.

First, the proposed SAC does not save *the current Plaintiffs' claims* from dismissal or cure their standing problems.  Granting or denying leave to amend would be irrelevant to Plaintiffs Bennett and Wilde.  Contrary to Plaintiffs' assertion, whether Mr. Statton has constitutional standing cannot "moot" Mr. Bennett's and Mr. Wilde's lack of Article III standing.  Because Plaintiffs Bennett and Wilde lack constitutional standing, here  "justice" does not "require leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

 Second, Mr. Statton's own claims are time-barred (and may have similar constitutional standing problems).  If he tried to file his own lawsuit, or to intervene in this one, his claims would be subject to dismissal pursuant to Rule 12.  Mr. Statton cannot avoid that result by using Plaintiffs' motion for leave to amend under Rule 15 as a backdoor into the courthouse.  The Rules Enabling Act prohibits using procedural rules in this way.

Third, allowing Plaintiffs to file the proposed SAC would prejudice Defendants and cause undue delay.  *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).  Their motion comes on the heels of the Court's January 14, 2025 hearing on Defendants' Motion to Dismiss, which laid bare the constitutional standing and timeliness shortcomings inherent in the current named Plaintiffs' claims and demonstrated that their allegations do not state a claim.  This is the third time that

Plaintiffs' counsel have tried to find *someone* who might have standing to bring this lawsuit and who might have a timely claim. Defendants have invested substantial time and resources in moving to dismiss Plaintiffs' complaint twice already, including two expert declarations and deposing Plaintiffs' expert. Plaintiffs' proposed SAC would take us back to square one, triggering a new motion to dismiss and further perpetuate this stasis. If allowed, there would be nothing stopping Plaintiffs from further delaying these proceedings again and again by filing a new motion to amend to add a new potential plaintiff every few months.

For these reasons, as further discussed below, the Court should deny Plaintiffs' Motion for Leave to File Second Amended Complaint ("Motion").

## II.    PROCEDURAL BACKGROUND

Plaintiff Scott Bennett filed the original complaint on February 21, 2024. *See* Dkt. 1. Defendants moved to dismiss that complaint on May 24, 2024, including with an expert declaration regarding the calculation of Mr. Bennett's accrued benefit. *See* Dkts. 22 & 27. In response, Plaintiff amended his pleadings as of right, filing the operative First Amended Complaint ("FAC") and adding Plaintiff Brad Wilde. *See* Dkt. 32.

Defendants moved to dismiss the FAC on the grounds that both Mr. Bennett and Mr. Wilde lack Article III standing and their claims are time-barred, among other reasons. *See* Dkt. 61. In connection with the motion to dismiss briefing, Defendants submitted another expert declaration and deposed Plaintiffs' expert. *See* Dkts. 79 & 82. Briefing completed on December 6, 2024. *Id*. On January 14, 2025, the Court held a hearing on the pending motion to dismiss. *See* Dkt. 83.

Mr. Bennett and Mr. Wilde now seek to amend the pleadings once again. The proposed SAC does not allege any new facts relating to Mr. Bennett or Mr. Wilde, their claims, or their Article III standing, but instead seeks to add a third plaintiff, Mr. Statton. Dkts. 88, 91-1. Mr. Statton could have filed this lawsuit in June 2018, when he elected his pension benefits, or in 2024 with Mr. Bennett. *See* Declaration of Abbey M. Glenn ("Glenn Decl."), Ex. A at p. 1.[1] According to the proposed SAC, Mr. Statton retired at age 66, but there are no facts alleged regarding the amount of Mr. Statton's "accrued benefit." Dkt. 91-1 ¶ 29.

## III.  LEGAL STANDARD

Plaintiffs seek leave to amend pursuant to Rule 15(a)(2). As Plaintiffs recognize, however, "parties do not have an absolute right to amend their pleadings, even under th[e] liberal standard" of Rule 15(a)(2). *See* Dkt. 90 at 3 (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)). While Rule 15(a)(2) generally provides that leave to amend should be granted "when justice so requires[,]" courts deny motions to amend "where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Ash v. Anderson*

---

[1] In assessing a proposed amended pleading, courts may consider documents "necessarily embraced by the complaint" as would be permissible under Rule 12(b)(6). *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004). In ERISA cases, courts routinely consider plan documents and benefit election forms when deciding motions to dismiss. *E.g.*, *Dittmer Props., L.P. v. FDIC*, 708 F.3d 1011, 1021 (8th Cir. 2013); *Morrison v. MoneyGram Int'l, Inc.*, 607 F. Supp. 2d 1033, 1045 (D. Minn. 2009); *Korman v. Consol. Edison Co. of N.Y.*, 915 F. Supp. 2d 359, 363 (E.D.N.Y. 2013).

*Merchandisers, LLC*, 799 F.3d 957, 963 (8th Cir. 2015); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Doe v. Cassel*, 403 F.3d 986, 991 (8th Cir. 2005). Here, there is no "justice" that "requires" leave to amend; whether leave is granted or denied will have no bearing on the current named Plaintiffs' claims. And there are ample "compelling reasons" warranting the denial of Plaintiffs' Motion.

## IV. ARGUMENT

### A. Because Plaintiffs Lack Article III Standing, They Cannot Use Rule 15 To Amend Their Complaint To Add A New Plaintiff Who May Or May Not Have Standing In His Own Right.

Defendants demonstrated in their pending Motion to Dismiss that both Plaintiffs Bennett and Wilde lack Article III standing. *See* Dkt. 63 at 12-16. This issue is fully briefed and presently before the Court. Plaintiffs seek to evade a ruling that they lack standing by adding a new plaintiff, Mr. Statton, whose alleged injury Defendants have not had the opportunity to challenge. The Court should reject Plaintiffs' improper maneuver.

To start, whether Mr. Statton has Article III standing has no bearing on whether Mr. Bennett and Mr. Wilde have standing, nor does it "moot" (Dkt. 90 at 4) Defendants' pending challenge to the current named Plaintiffs' constitutional standing, as Plaintiffs contend. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not."); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 n.6 (2016) ("[E]ven named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they

-4-

belong.") (internal quotations and citations omitted); *see also Mausolf v. Babbit*, 85 F.3d 1295, 1300 (8th Cir. 1996) ("An Article III case or controversy is one *where all parties have standing.*") (emphasis added); *Rock Island Millwork Co. v. Hedges-Gough Lumber Co.*, 337 F.2d 24, 27 (8th Cir. 1964) ("If jurisdiction is lacking the trial court should, on its own motion, decline to proceed in the case."); *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assur. Co.*, 700 F.2d 889, 893 (2d Cir. 1983) (denying leave to amend to add plan participants as named plaintiffs when original plaintiffs lacked Article III standing).[2]

Moreover, Rule 15 "does not allow a party without standing to amend a complaint to add new plaintiffs and claims." *Bd. of Ed. for Gallup-McKinley Cnty. Schs. v. Henderson*, 2015 WL 13540672, at *3 (D.N.M. Dec. 16, 2015). As the Second Circuit explained, "if jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of a plaintiff with a sufficient claim." *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 111 (2d Cir. 2013) (internal quotations and citation omitted).

That is because "Rule 15(c) may not be used to extend federal jurisdiction." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002), *abrogated on other grounds by Hoang v. Bank of Am., N.A.*, 910 F.3d 1096 (9th Cir. 2018); *see also*

---

[2] Plaintiffs likewise argue that adding Mr. Statton "moots" Defendants' argument that Mr. Bennett and Mr. Wilde cannot state a claim under 29 U.S.C. § 1055 because they did not elect the 50% JSA that is the QJSA under the Plan. *See* Dkt. 90 at 4. That is nonsensical. Whether Mr. Statton can or cannot state a claim for violation of Section 1055 based on factual allegations relating to Mr. Statton is irrelevant to whether Mr. Bennett or Mr. Wilde can do so.

*Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995) ("Rule 15 does not allow a party to amend to create jurisdiction where none actually existed."). Thus, "where a plaintiff never had standing to assert a claim against the defendants," like Mr. Bennett and Mr. Wilde, that plaintiff "does not have standing to amend the complaint and control the litigation by substituting new plaintiffs." *Summit Office Park, Inc. v. United States Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981); *see also Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 144 (2d Cir. 1994) (denying proposed amendment where the case was "no longer justiciable in federal court").

Of course, Mr. Bennett and Mr. Wilde might be permitted to file a proposed amended complaint to cure *their own* standing deficiencies, but the proposed SAC does not attempt to do so. Because they lack constitutional standing, they in turn lack standing to file a proposed amended complaint trying to add a new plaintiff. *E.g.*, *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986) (holding that Rule 15 does not allow a plaintiff to substitute a new plaintiff via amendment to cure the lack of subject matter jurisdiction); *Henderson*, 2015 WL 13540672, at *3 (denying motion to amend after finding that the plaintiff "does not have standing to pursue this lawsuit").

Plaintiffs lack Article III standing, and their Motion does nothing to remedy that fundamental shortcoming. The Court should deny their Motion to add a new plaintiff who may or may not have standing in his own right.

> **B.** **Plaintiffs' Motion For Leave To Amend Should Be Denied Because Mr. Statton's Proposed Claims Are Futile.**

"Futility is a valid basis for denying leave to amend." *Munro v. Lucy Activewear,*

*Inc.*, 899 F.3d 585, 589 (8th Cir. 2018); *see also DeRoche v. All Am. Bottling Corp.*, 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998) (denial of a motion for leave to amend is appropriate where "the claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted.").  Here, Mr. Statton seeks to press the very same claims as Plaintiffs Bennett and Wilde, which are presently the subject of Defendants' pending Motion to Dismiss.  *Compare* Dkt. 32 ¶¶ 27-28, 67-68 *with* Dkt. 91-1 ¶¶ 29, 70.  They would fail for the same reasons.

### 1.    Mr. Statton's Section 1055 Claim Fails Because He Chose A 100% Joint and Survivor Annuity.

Mr. Statton's claim for violation of 29 U.S.C. § 1055 fails as a matter of law because Mr. Statton elected a 100% JSA—the same benefit form that Mr. Bennett and Mr. Wilde elected.  *See* Ex. A at p. 1; Dkt. 63 at 18-20; Dkt. 79 at 9-11.  Like Plaintiffs' deficient allegations in the FAC, the proposed SAC does not allege any facts about Mr. Statton's "accrued benefit" or "normal retirement benefit" at "normal retirement age." Dkt. 63 at 9-10; Dkt. 79 at 12 and n.8.  Mr. Statton's claim for violation of Section 1055 therefore would be subject to Rule 12 dismissal, as explained in Defendants' Motion to Dismiss.  Dkt. 63 at 18-20; Dkt. 79 at 9-11.

### 2.    Mr. Statton's Claims Are Futile Because They Are Time-Barred.

#### a.    Mr. Statton's Proposed Statutory Claims In Counts I-III Are Untimely.

Counts I-III, in which Mr. Statton alleges that Defendants calculated his benefit in violation of 29 U.S.C. §§ 1053, 1054, and 1055 (the same as Mr. Bennett and Mr. Wilde), are time-barred.  Dkt. 91-1 ¶¶ 95-122.  As Defendants explained in their Motion to

-7-

Dismiss, a two-year statute of limitations applies to these statutory claims. Dkt. 63 at 20, 22 (citing Minn. Statute § 541.07(5)); *Adamson v. Armco, Inc.*, 44 F.3d 650, 653 (8th Cir. 1995); *Wendland v. Erickson Oil Prods., Inc.*, 1992 WL 695897, at *5 (D. Minn. Oct. 2, 1992).[3]

Mr. Statton elected to commence his pension in June 2018 and started receiving pension benefits effective August 1, 2018. Ex. A at p. 1. He had "a complete and present cause of action" as of August 1, 2018, at the latest, and he could have sued then. *Green v. Brennan*, 578 U.S. 547, 554 (2016) (recognizing that a "limitations period commences when the plaintiff has a complete and present cause of action") (quotation marks and citation omitted); *Graham County Soil & Water Conservation Dist. v. United States*, 545 U.S. 409, 418 (2005) (same); *Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) ("[A]ccrual occurs when the plaintiff can file suit and obtain relief.") (citation omitted); *see also* Dkt. 63 at 21. Indeed, the proposed SAC asserts no facts pertaining to events relating to Mr. Statton *after* he commenced his benefits in August 2018. *See generally* SAC. This confirms that Mr. Statton's statutory claims accrued when he commenced benefits. Those claims are time-barred. Minn. Statute § 541.07(5); Dkt. 63 at 20-22.

Like Plaintiffs Bennett and Wilde, Mr. Statton cannot rely on the discovery rule to save his claims. Pursuant to Supreme Court precedent, the "standard rule" is that a claim accrues when the plaintiff has a complete and present cause of action. *Gabelli v. SEC*,

---

[3] Courts in this district recognize that Minnesota Statute § 541.07(5) applies to ERISA claims rather than the six-year statute of limitations in § 541.05(1). *See Wendland*, 1992 WL 695897, at *5 (collecting cases).

568 U.S. 442, 448 (2013); *see also Kost v. Hunt*, 983 F. Supp. 2d 1121, 1127 (D. Minn. Nov. 15, 2013) (noting the Supreme Court's decision in "*Gabelli* should be read as seriously undermining, if not rendering obsolete, earlier statements by the lower courts that the discovery rule operates as a default."). The discovery rule is merely an exception to that rule. *Potocnik v. Carlson*, 9 F. Supp. 3d 981, 993 (D. Minn. 2014). And that exception does not apply here. Although there is limited case law applying the discovery rule to claims for benefits brought under ERISA § 1132(a)(1)(B) when there has been a clear repudiation of a claim through the plan's administrative process, Mr. Statton (like Mr. Bennet and Mr. Wilde) does not assert a claim for benefits under Section 1132(a)(1)(B) and did not avail himself of the Plan's administrative claims process. *See* Dkt. 79 at 13-14; *see generally* Dkt. 91-1. Mr. Statton's statutory claims under ERISA are time-barred and futile.

> **b.      Mr. Statton's Proposed Breach Of Fiduciary Duty Claim In Count IV Is Time-Barred By ERISA's Six Year Statute Of Repose.**

Count IV, Mr. Statton's breach of fiduciary duty claim, is also untimely. That claim is subject to ERISA's six-year statute of repose and is likewise futile. 29 U.S.C. § 1113(1)(A); Dkt. 63 at 22-23.

First, Plaintiffs already conceded that Mr. Bennett's fiduciary breach claims are time-barred. *See* Dkt. 79 at 14; Glenn Decl., Ex. B at 31:18-32:6, 32:25-33:1. Mr. Statton is no different. The repose period commenced no later than August 1, 2018, when Mr. Statton began receiving his pension benefits. But he did not seek to become

part of this lawsuit until April 14, 2025, nearly seven years later.[4]  His claims are therefore barred by the six-year repose period.  *See China Agritech v. Michael H. Resh*, 584 U.S. 732, 746 (2018) (a statute of repose "plac[es] a permanent bar against [Plaintiffs'] fiduciary breach claims").

Second, Mr. Statton cannot take advantage of any equitable tolling principles or Rule 23 tolling because those principles do not apply to statutes of repose.  *See Cal. Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 505 (2017) (refusing to apply tolling to statute of repose because "the purpose of a statute of repose is to give the defendant full protection after a certain time."); *IndyMac MBS*, 721 F.3d at 109 ("*American Pipe's* tolling rule, whether grounded in equitable authority or on Rule 23, does not extend to the statute of repose."); Dkt. 63 at 24; Dkt. 79 at 15-16.  Nor does the proposed SAC plead that Mr. Statton is entitled to equitable tolling.

Third, and for the same reasons, Mr. Statton cannot invoke the "relation back" doctrine in Rule 15(c).  This doctrine does not apply to statutes of repose or when a new plaintiff is added to assert his own claims for his own claimed damages.  *See, e.g., In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 23 F. Supp. 3d 203, 208 (S.D.N.Y. 2014) (rejecting the application of Rule 15's "relation back" doctrine in the context of a statute of repose); *In re Lehman Bros. Sec. & Erisa Litig.*, 800 F. Supp. 2d 477, 483 (S.D.N.Y. 2011) (same); *Se. Penn. Transp. Auth. v. Orrstown Fin. Servs.*, 12 F.4th 337, 351 (3d Cir. 2021) ("[T]he expiration of a repose period creates a vested right

---

[4] Defendants assume for purposes of this Opposition that the date of Plaintiffs' Motion is the relevant date—it certainly cannot be any sooner.

to be free from liability only as against those plaintiffs *who do not have a pending action under the statute at that time*.") (emphasis added); *see also China Agritech*, 584 U.S. at 745 (rejecting plaintiff's efforts to invoke the federal procedural rules to allow for the "[e]ndless tolling of a statute of limitations"); Dkt. 79 at 14-15.

If Mr. Statton sought to bring his own lawsuit now, or to intervene in this lawsuit, his claims would be time-barred and would not relate back to the filing of Mr. Bennett's complaint. *IndyMac MBS*, 721 F.3d at 109 (rejecting argument that "proposed intervenors may, as asserted class members in the original complaint, press their otherwise expired claims using Rule 15(c)"). The fact that Plaintiffs Bennett and Wilde are making the request under Rule 15(a)(2), as opposed to a new lawsuit brought by Mr. Statton under Rule 3 or a motion to intervene under Rule 24, does not change the analysis. In fact, a contrary approach would violate the Rules Enabling Act, which provides that the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b); *see also IndyMac MBS*, 721 F.3d at 109 ("Even assuming, *arguendo*, that the *American Pipe* tolling rule is 'legal'—based upon Rule 23, which governs class actions—we nonetheless hold that its extension to the statute of repose in Section 13 would be barred by the Rules Enabling Act").[5] Mr. Statton has no substantive right to bring an ERISA fiduciary breach claim outside the

---

[5] *See also In re Longtop Fin. Techs. Ltd. Secs. Litig.*, 939 F. Supp. 2d 360, 380 (S.D.N.Y. 2013) ("[W]hen a claim is barred by a statute of repose, Rule 15 may not be construed to permit relation back because such a construction would conflict with the Rules Enabling Act") (cleaned up); *In re Am. Hous. Found.*, 543 B.R. 245, 258 (Bankr. N.D. Tex. 2015) ("The principle of relation back arises in rules of procedure, whether federal or state. As such, it cannot save an extinguished substantive claim.") (cleaned up).

statute of repose. *China Agritech*, 584 U.S. at 745. His claim was extinguished on

August 1, 2024, at the latest. Plaintiffs' Motion under Rule 15 cannot revive it.

**C.      Allowing Plaintiffs To Again Amend The Complaint Would Prejudice Defendants And Cause Further Delay.**

Finally, the proposed SAC, if permitted, would prejudice Defendants, which

warrants denial. *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004).

Prejudice may arise when the amendment would delay the proceedings, substantively

impact the claims, or significantly alter the nature of the litigation. *Bell v. Allstate Life

Ins.*, 160 F.3d 452, 454 (8th Cir. 1998).

If the SAC is filed, then the parties—and the Court—will be at square one again.

The original complaint was filed fifteen months ago.[6] Defendants' Motion to Dismiss is

fully briefed, the Court heard argument on the motion on January 14, 2025, and the

motion is ripe for decision. Defendants have already expended significant effort and

resources, briefing dismissal twice already, with expert declarations and deposing

Plaintiffs' expert. If Plaintiffs were permitted to amend after all of this, the costs

Defendants have already incurred will have been wasted, which is a basis on which to

deny Plaintiffs' Motion. *See, e.g.*, *Popoalii*, 512 F.3d at 498. And then, Defendants will

---

[6] The Eighth Circuit has affirmed the denial of motions to amend filed after a similar amount of time had elapsed since the original complaint. *See, e.g.*, *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224-25 (8th Cir. 1994) (rejecting motion to amend filed "fourteen months after filing the original complaint"); *Perkins v. Spivey*, 911 F.2d 22, 34 (8th Cir. 1990) (affirming denial of motion to amend eighteen months after original complaint was filed); *see also Mills v. Des Arc Convalescent Home*, 872 F.2d 823, 826 (8th Cir. 1989) (referring to a sixteen-month period between the filing of the original complaint and the motion to amend as an "unexplained delay").

be forced to undertake motion-to-dismiss briefing for a third time, which underscores how prejudicial Plaintiffs' last-minute amendment would be.  Indeed, the Eighth Circuit upheld a district court's decision denying a third attempt to amend "based on undue delay and prejudice to existing defendants" where "numerous motions to dismiss ha[d] already been briefed."  *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1066 (8th Cir. 2005); *see also Bond v. Brown*, 2024 WL 531496, at *6 (D. Or. Feb. 9, 2024) (finding undue delay when leave to amend was sought years after the case was filed, following multiple rounds of prior amendment, and after the close of dismissal briefing).

The Court should deny Plaintiffs' Motion because it will only prejudice Defendants and cause additional delay.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for leave to file their proposed Second Amended Complaint.

Date: May 5, 2025                         */s/  Jeremy P. Blumenfeld*

**MORGAN, LEWIS & BOCKIUS LLP**
Jeremy P. Blumenfeld*
Mary Ann F. McNulty*
2222 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-5000
Fax: (215) 963-5001
Email: jeremy.blumenfeld@morganlewis.com
Email: mary.mcnulty@morganlewis.com

Melissa D. Hill*
101 Park Avenue
New York, NY 10178

-13-

Tel.: (212) 309-6318
Fax: (212) 309-6001
Email: melissa.hill@morganlewis.com

Abbey M. Glenn*
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001
Email: abbey.glenn@morganlewis.com

Dylan D. Rudolph*
1400 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 843-4000
Fax: (650) 843-4001
Email: dylan.rudolph@morganlewis.com

**NILAN JOHNSON LEWIS PA**
Daniel J. Supalla (#0387064)
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Tel.: (612) 305-7500
Fax: 612-305-7501
Email: dsupalla@nilanjohnson.com

*Admitted Pro Hac Vice*
*Attorneys for Defendants*

-14-